## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

COLLEEN RYAN,                                  )
                                               )
    Plaintiff,                            )
                                               )
      v.                             )    C.A. No. N24C-07-161 FWW
                                               )
SEA COLONY, INC.,                              )
SEA COLONY SERVICES, CORP.,                    )
SEA COLONY MANAGEMENT, INC.,                   )
and SEA COLONY RECREATIONAL                    )
ASSOCIATION, INC.,                             )
                                               )
    Defendants.                           )

Submitted: November 6, 2024
Decided: November 12, 2024

*Upon Plaintiff Colleen Ryan's Motion for Reargument Pursuant to Rule 59(e)*
**DENIED.**

## <u>ORDER</u>

David C. Malatesta, SHELSBY & LEONI, 221 Main Street, Wilmington, Delaware 19804, Attorney for Plaintiff Colleen Ryan.

Sarah B. Cole, Esquire, MARSHALL DENNEHEY, P.C., 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, Delaware 19899, Attorney for Defendant Sea Colony Recreational Association, Inc.

**WHARTON, J.**

This 12th day of November 2024, upon consideration of the Motion for Reargument Pursuant to Rule 59(e) of Plaintiff Colleen Ryan ("Ryan")[1] and the Response in Opposition of Defendant Sea Colony Recreational Association, Inc. ("Sea Colony"),[2] and the record in this case, it appears to the Court that:

1.      Ryan brought this action for personal injuries she alleged she sustained while participating as an business invitee in the Operation SEAs the Day ("Seas the Day") celebration and parade in Bethany Beach, Delaware.[3]  In her Complaint she described being directed to park in the overflow parking lot of Sea Colony, walking into a grass area where she stepped into a large hole hidden by the evenly cut grass causing her to severely twist her ankle.[4]

2.      In its Motion for Judgment on the Pleadings, Sea Colony referenced its Answer asserting an affirmative defense based on a liability waiver executed by Ryan and attached to its Answer.[5]  The waiver states in part:

> The undersigned recognizes that Operation Seas the Day, Inc. has not undertaken any duty or responsibility for his or her safety and the undersigned agrees to assume the full responsibility for his or her safety and the undersigned agrees to assume the full responsibility for all risk of bodily injury, death, disability, and property damage as a result of participating in the Warrior Beach Week.  The undersigned recognizes that these risks include: the risks

---

[1] Pl.'s Mot. for Rearg. D.I. 14.
[2] Def.'s Resp. in Opp., D.I. 15.
[3] Compl. at ¶¶ 1, 8, D.I. 1.
[4] *Id.* at ¶ 8.
[5] Def.'s Mot. Judg. on the Pleadings at ¶ 2, D.I. 9.

from slips and falls…and attendance at the various other events available during the above week.  By my signature, I hereby surrender any right to seek reimbursement from Operation Seas the Day, Inc. and its directors, officers, employees, volunteers and other agents for injury sustained and liability incurred during my participation in the activity described above…I KNOWINGLY AND FREELY ASSUME ALL SUCH RISKS, both known and unknown, EVEN IF ARISING FROM THE NEGLIGENCE OF THE RELEASEES or others and assume full responsibility for my participation.[6]

Sea Colony argued that, as alleged in the Complaint, the parking lot was being used for overflow parking by Seas the Day for invitees like Ryan, and Sea Colony permitted the invitees to park in its lot in order to facilitate their participation in the parade.[7]  Sea Colony construed the liability waiver as unambiguous, not unconscionable, and not against public policy, and, therefore enforceable against Ryan.[8]

3.    Ryan argued that Sea Colony was not entitled to any liability protection because there was no agreement between herself and Sea Colony -- the waiver she signed was with Seas the Day and does not mention or refer to Sea Colony[9] -- and disputed that Sea Colony's was acting as an agent for Seas the Day.[10]  Finally, it argued that even if Sea Colony was entitled to the benefit of the liability waiver, its

---

[6] *Id.* at ⁋ 2 (quoting Participant Waiver attached to Sea Colony's Answer at Ex. A).
[7] *Id.* at ⁋ 6.
[8] *Id.* at ⁋⁋ 7-11.
[9] Pl.'s Resp. to Def.'s Mot. for Judg. on the Pleadings, at ⁋ 1, D.I. 11.
[10] *Id.* at ⁋ 2.

negligent maintenance of the grass area was outside the scope of the waiver which only contemplated a waiver for the physical activities in which Ryan chose to participate as part of the event.[11]

4. Sea Colony noted the waiver is not limited to Seas the Day, but includes its "agents."[12] And, in her Complaint, Ryan alleges she was directed to park in a specific overflow parking lot owned and maintained by Sea Colony, thus denoting an agency relationship between Seas the Day and Sea Colony.[13] Additionally, the range of risks the waiver includes was not limited to physical activities, but included "attendance" at the events, which included attendance at the parade described in the Complaint.[14]

5. On October 28, 2024 this Court granted Sea Colony's Motion for Judgment on the Pleadings.[15] The Court held that the pleadings established: (1) an agency relationship between Sea Colony and Seas the Day; (2) the waiver was unambiguous, not unconscionable, and not against public policy; and (3) when she was injured, Ryan was participating in a Seas the Day activity.[16] Accordingly, the

---

[11] *Id.* at ⁋ 3.
[12] Def.'s Reply at ⁋ 3, D.I. 12.
[13] *Id.* at ⁋ 2.
[14] *Id.* at ⁋ 3.
[15] *Ryan v. Sea Colony, Inc. et al.,* 2024 WL 4625166 (Del. Super. Ct. Oct. 28, 2024).
[16] *Id.* at *2. Ryan did not argue the waiver was unconscionable or against public policy.

Court determined that the injury Ryan alleged she sustained was one for which she assumed full responsibility under the terms of the waiver and granted the Motion for Judgment on the Pleadings.[17]

6.      Ryan now moves for reargument.  In her motion, she again argues that the failure of the waiver to mention Sea Colony and the absence of a principal/agency relationship between Sea Colony and of Seas the Day create issues of material fact that should have precluded granting Sea Colony's motion.[18] She posits other non-agency relationships could have existed such as Sea Colony being paid by Seas the Day for the use of the parking lot or Sea Colony treating her as a licensee or public invitee.[19]  She adds that, although not alleged in the pleadings, in fact, she and her family were staying a Sea Colony for the week, giving her certain privileges to the property and the parking lot.[20]

7.      Sea Colony opposes the motion on both procedural and substantive grounds.  It argues that Ryan simply rehashes her prior, unsuccessful arguments regarding agency and improperly presents an affidavit in support of new facts.[21]  It repeats its contention that there is no reasonable dispute, based on the pleadings, that in allowing its parking lot to be used for overflow parking, Sea Colony was an agent

---

[17] *Id.* at *2-3.
[18] Pl.'s Mot. for Rearg., D.I. 14.
[19] *Id.*
[20] *Id.*  Ryan attaches her affidavit in support of this additional fact.  *Id.* at Ex. 1.
[21] Def.'s Resp. in Opp. at ¶¶ 7-10.

of Seas the Day.[22]  Whether, as Ryan now contends, she was "authorized" to park in the parking lot, or whether Sea Colony could have been paid by Seas the Day, the fact remains that the Complaint alleges that Ryan was in Bethany Beach to participate in Operation Seas the Day and was directed to park in the designated overflow lot provided by Sea Colony.[23]  That those allegations establish an agency relationship is unaffected by the new information Ryan offers.[24]  Finally, Sea Colony argues the new, improperly added factual allegations, even if true, do not change the material allegations of the Complaint, leaving the protections of the waiver intact.[25]

8.      Pursuant to Superior Court Civil Rule 59(e), a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[26]  A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or present new arguments not previously raised.[27]  Therefore, to succeed on such a motion, the moving party has the burden of demonstrating the existence of newly

---

[22] *Id.* at ¶ 7.
[23] *Id.* at ¶ 8.
[24] *Id.*
[25] *Id.* at ¶ 10.
[26] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).
[27] *See Reid*, 2008 WL 2943373, at *1 (citations omitted).

discovered evidence, a change in the law, or manifest injustice.[28]   Correctly understood, "'[A] motion for reargument properly seeks only a re-examination of the facts at the time of the decision,' therefore, affidavits may not be submitted in support of a motion for reargument."[29]   Rule 59(e) "does not provide for new evidence in the form of affidavits not before the Court in the original motion."[30]

9.      Ryan's reargument motion both rehashes arguments previously decided and presents new arguments not previously raised.  It also improperly injects new evidence in the form of Ryan's affidavit.  Limiting the Court's review to the record at the time the Motion for Judgment on the Pleadings was before it, the Court remains convinced that the Complaint alleges a principal/agent relationship between Seas the Day and Sea Colony.  Ryan and her family "were in Bethany Beach, Delaware to participate in the Operation SEAs the Day celebration and parade as invitees"[31] They "were directed to park in the overflow parking lot of Sea Colony, located on the corner of Westway Drive and Route 1, in Bethany Beach, Delaware."[32]   There is no dispute about the fact, which Sea Colony admits in its

---

[28] *Id.*

[29] *Prevar Co. v. Hawthorne,* 2010 WL 1367755, at *2 (Del. Super. Ct. Mar. 31, 2010) (quoting *Maldonado v. Flynn,* 1980 WL 2728 WL 22, at *3 (Del. Ch. 1980).

[30] *Santoro, Starr & Baffone, PA v. Lewis,* 1995 WL 562158, at *2 (Del. Super. Ct. 1995).

[31] Compl. at ₱ 6, D.I. 1.

[32] *Id.* at ₱ 7.

Answer, that the parking lot was being used as parking for the Seas the Day event.[33] Because the Sea Colony parking lot was an "overflow" lot for the event, parade invitees such as Ryan were authorized by Sea Colony to use the lot in conjunction with Seas the Day activities, just as Ryan alleges she did. As alleged in the Complaint, it is apparent that both Sea Colony, by accepting "overflow" traffic, and Seas the Day, by directing traffic to Sea Colony's "overflow" parking lot, manifested their assent to a principal/agent relationship.[34] Further, the Court reaffirms its conclusion that Sea Colony was protected by the waiver because the Complaint alleges that Ryan suffered a fall while in attendance at a Seas the Day parade.

**THEREFORE**, for the reasons set forth above, Plaintiff Colleen Ryan's Motion for Reargument Pursuant to Rule 59(e) is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[33] Answer at ¶ 7, D.I. 8.
[34] *See,* Restatement (THIRD) of Agency § 1.01 (Am. Law Inst. 2006).